No. 24,288.

R. W. ROYER, *Appellee,* v. RAY CRAIG, *Appellant.*

SYLLABUS BY THE COURT.

APPEAL—*From Order Granting New Trial—Grounds Therefor Not Specified.*
The proceedings considered in an appeal from an order which granted a
new trial without specifying the grounds on which the order was based,
and *held,* the proceedings are open to the interpretation that the verdict
was contrary to the evidence, and that the court misdirected the jury in
a matter of law.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge.
Opinion filed March 10, 1923. Affirmed.

*J. Wirth Sargent, J. A. Brubacher,* and *W. D. Jochems,* all of Wichita, for
the appellant.

*E. L. Foulke,* and *James B. Nash,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from an order granting a
new trial.

Larimer was a real-estate broker, and Wright was associated
with him. They had for sale some lots belonging to Mabel Shat-
tuck, who was Larimer's sister. Larimer was attorney in fact for
his sister, and as such executed a deed of the lots, blank as to the
grantee. Larimer placed a price of $400 on the lots, but told
Wright to use his judgment in selling them. Wright traded the
lots to Craig for a Ford roadster and $25 in cash, and delivered
the deed to Craig, who recorded it. Afterwards Wright sold the
car as his own, with written warranty of title, to Royer, for $335.
Wright accounted to Larimer for the $25 on the day he traded with
Craig, and for the $335 when he sold to Royer. Royer sold the
car to Drollinger, and Drollinger sold to Box. The car had been
stolen, and Craig and his vendees were without title. Drollinger
reimbursed Box, and Royer reimbursed Drollinger. Royer de-
manded reimbursement of Wright, but Wright took the position he
was merely agent of Mabel Shattuck. However, he assigned his
claim against Craig to Royer. Craig refused to pay.

The court instructed the jury that the controlling question in
the case was whether Wright purchased from Craig, using the Mabel
Shattuck deed and accounting to her, or whether he simply acted

as agent of Mabel Shattuck, and had no interest in the car. The jury returned the following finding of fact:

"We find that in the transaction A. J. Wright was acting as agent for Mabel Shattuck through her attorney in fact, C. V. Larimer."

The motion which the court sustained prayed for a new trial because of erroneous instructions to the jury and because the verdict was contrary to the evidence.

The plaintiff was obliged to use Wright as a witness, and the defendant says the plaintiff's testimony conclusively established the fact that Wright had no interest in the car, and so no claim for reimbursement which he could assign to the plaintiff. The document which Wright gave Royer read as follows:

"Rec'd of Royer Tractor Co. $335 for Ford roadster, engine No. 1545253, of which am sole owner and guarantee title to be clear."

This instrument was executed and delivered before trouble arose, and probably stated the truth. In any event, it contained an assertion of ownership and a warranty very unusual in and wholly out of harmony with a purely agency transaction. After listening to Wright's testimony and observing his demeanor on the witness stand, the court may have been satisfied the jury should have relied on the writing rather than on oral testimony framed to excuse Wright and to protect Craig. If so, the verdict was contrary to the weight of the credible evidence, and the new trial was properly granted.

Wright testified that he was acting under Larimer's instructions, that Larimer was familiar with the whole transaction and approved it, and that Mabel Shattuck knew of the transaction and was satisfied with it. When Wright sold to Royer, title to the car, whether in Wright or Mabel Shattuck, was derived from Craig. If Wright's testimony be accepted, Mabel Shattuck cannot deny that Wright was owner, and passed title to Royer. That being true, Mabel Shattuck is eliminated from the transaction and, because he was owner, Wright could assign to Royer the cause of action on Craig's implied warranty, just as he could sell the car to Royer. It is immaterial to Craig whether he respond to Mabel Shattuck or to Wright's assignee, so long as he can be compelled to respond but once. This phase of the case was not presented to the jury, and the instruction referred to was erroneous. In this discussion, the terms owner, title, and the like, are used descriptively, for convenience.

The judgment of the district court is affirmed.